## THE PEOPLE v. MALLEN.

### Appeal from the District Court of Guayama.

No. 206.—Decided December 20, 1909.

CRIMINAL LAW—FORGERY—VERDICT—POWER OF JUDGE TO ORDER.—Trial judge has power to instruct the jury to summarily acquit defendant.

ID.—ORDER IS APPEALABLE.—Order of judge to the jury to return a verdict in favor of the defendant is appealable by the *fiscal*.

ID.—STATEMENT OF FACTS MUST REACH THE COURT IN THE PROPER MANNER.—
A statement of facts approved by the judge, but not included in the record
and not certified to by the secretary of the lower court, which is made a
part of the record because filed by the *fiscal*, has reached the court in an
improper manner and without the authenticity which the law requires, and
will not be considered.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

*Messrs. Esteban Vidal and Pedro Gómez* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

The case originated in the District Court of Guayama
upon an information against José Juan Mallen for forgery
committed in the contract for the lease of a sewing machine,
on account of having forged the name and handwriting of
Santiago Aponte wilfully, unlawfully and maliciously, with
intent to defraud the Singer Sewing Machine Co.

The defendant pleaded not guilty and asked for a trial by
jury, which was duly empanelled, the trial being held on June
8, 1909, and after all the evidence for the prosecution had been
submitted, counsel for the defendant, in the absence of the
jury, asked the court to instruct it to return a verdict of not
guilty and that the defendant be summarily discharged for the
reasons orally alleged. The *fiscal* objected, and the court,
after hearing the motion, ordered the jury to return and in-
structed it to summarily acquit said defendant; and after
having withdrawn to deliberate it returned with a verdict
finding José Juan Mallen not guilty of the crime of forgery
and the court summarily discharged him.

The *fiscal* of the district court took an appeal on June 8,
1900, from the order given the jury to return a verdict in
favor of the defendant.

The record was received in the office of the secretary of
this Supreme Court on July 31, 1909, and contains only what
has been related above.

The *fiscal* of this Supreme Court on October 6, 1909—that
is to say, 68 days after said record had been filed in the office

of the secretary of this court—filed a petition accompanied by a statement of facts and a bill of errors approved by the Judge of the District Court of Guayama on October 2, 1909, the *fiscal* stating that he had received them from the *fiscal* of the district court and that they were necessary in the prosecution of the appeal taken by him.

This Supreme Court ordered that they should be made a part of the record for the proper purposes.

The *fiscal* in maintaining the appeal here, recognizes the power which the law grants the judge in these cases, but also maintains that in view of the evidence adduced at the trial, there were more than sufficient elements to have delegated to the jury the decision on this evidence, in order that it might render the verdict which it might deem just, and he concluded with a prayer for the reversal of the judgment appealed from that a new trial should be ordered.

The defense, on the contrary, maintains the propriety and justice of the order appealed from.

There is no doubt of the fact that the judge has the power of which he had availed himself in this cause, as it is vested in him by section 257 of the Code of Criminal Procedure, and there is no doubt either of any kind that the order of the judge to the jury ordering it to return a verdict in favor of the defendant is appealable by the *fiscal,* because this appeal is granted by subdivision six of section 248 of the said Code.

Now then, in order to arrive at the conclusion which the appellant desires, it is necessary to examine the evidence as the appellant himself recognizes, and this is absolutely impossible in view of the irregular and anomalous form in which the statement of facts has reached us.

The Act of the Legislative Assembly approved March 7, 1908, amended section 356 of the Code of Criminal Procedure, and it prescribes what constitutes the record of an appeal, prescribing the terms for its transmission according to whether the bill of exceptions or statement of facts is signed or not,

and imposes upon the secretary of the lower court the duty of transmitting it complete to the secretary of this Supreme Court with a certificate to the effect that the record is a true copy of the original record on file in said court. The documents enumerated by the act include a statement of facts, and this does not appear in the record received, nor is there any record that the *fiscal*, as the appellant, requested an extension of time to prepare it nor that any notice was served on the respondent, who is the defendant, José Juan Mallen.

Hence, it is impossible to give any value to the statement of facts which has reached us in an improper manner and without the authenticity which the law requires, inasmuch as the secretary alone can certify to the agreement of the record which he forwards with the originals on file in the court.

And if it is not possible for us to give any value to this document, we cannot consider the evidence it contains in order to arrive at a conclusion of whether the trial judge erred or not in summarily ordering the jury to acquit the defendant.

In view of the reasons stated, the order of the District Judge of Guayama appealed from by the *fiscal* thereof should be affirmed.

*Affirmed.*

Mr. Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.